UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NOSHIR GOWADIA,       ) | |
|         ) | |
| **Plaintiff,**       ) | |
|         ) | |
| **v.**       ) | Civil Action No. 13-01991 (RDM) |
|         ) | |
| **INTERNAL REVENUE SERVICE** *et al.,*   ) | |
|         ) | |
|         ) | |
| **Defendants.**       ) | |
|         ) | |

## MEMORANDUM OPINION

Plaintiff, a former defense contractor, was convicted in the United States District Court for the District of Hawaii of multiple counts for violations of the Arms Export Control and Espionage Acts, tax fraud, and money laundering. *See United States v. Gowadia*, 760 F.3d 989, 990 (9th Cir. 2014). Plaintiff appealed the export control- and espionage-related convictions to the Ninth Circuit, which affirmed. *Id.*

While Plaintiff's appeal was pending, he filed this civil lawsuit against the Internal Revenue Service ("IRS") and two IRS agents (collectively, "Defendants."). His *pro se* complaint alleges that his tax fraud convictions were based on "knowingly falsified" information. Compl. pp. 3-10. He seeks eighteen million dollars in damages under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), for the violation of his civil rights. Plaintiff has filed two similar actions in this district against different federal agencies, both of which were summarily dismissed. *See Gowadia v. Federal Bureau of Investigation*, 2014 U.S. Dist. LEXIS 63357 (D.D.C., April 23, 2014) (dismissing suit for forty-five million dollars in

- 1 -

damages); *Gowadia v. United States Air Force*, 2014 U.S. Dist. LEXIS 57418 (D.D.C., April 23, 2014) (dismissing suit for one hundred and ten million dollars in damages), *aff'd*, 587 F. App'x 660, 661 (D.C. Cir. 2014). Plaintiff also brought a civil action in the District of Hawaii alleging that his criminal convictions and the civil forfeiture of his home were obtained through the use of fabricated evidence, prosecutorial misconduct and a conspiracy involving federal prosecutors and others. That suit was also dismissed. *Gowadia v. Sorenson*, 2014 U.S. Dist. LEXIS 98262 (D. Haw., July 18, 2014), *aff'd*, Appeal No. 14-16556 (9th Cir., Feb 26, 2015).

This matter is currently before the Court on Defendants' motion to dismiss. Among other defenses, Defendants argue that this action is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), because success on Plaintiff's *Bivens* claim would necessarily imply that his convictions are invalid. For the reasons stated below, the Court agrees.

In *Heck*, a state prisoner sought damages based on the allegedly unlawful conduct of the officials he held responsible for his conviction. The Supreme Court held that the damages claim was not cognizable: "[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." 512 U.S. at 486-87. A "district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487. In contrast, a plaintiff's action "should be allowed to proceed" where, "even if successful," it would "not demonstrate the invalidity of any

- 2 -

outstanding criminal judgment against the plaintiff." *Taylor v. United States Probation Office*, 409 F.3d 426, 429 (D.C. Cir. 2005) (citation and quotation marks omitted).

While *Heck* involved claims for damages under 42 U.S.C. § 1983, "[t]he rationale of *Heck* applies equally to claims against federal officers in *Bivens* actions." *Williams v. Hill*, 74 F.3d 1339, 1340 (D.C. Cir. 1996) (per curiam). The premise of Plaintiff's suit is that he was wrongfully convicted on the basis of fabricated evidence and testimony provided by Defendants. Thus, Plaintiff's *Bivens* claims, "if successful, would necessarily imply the invalidity of [his] conviction[s]." *Taylor*, 409 F.3d at 427. Because Plaintiff's convictions have not been invalidated in any prior proceeding, *Heck* bars this suit. *Id.*; *see Heck*, 512 U.S. at 487.

Plaintiff does not dispute that success on his damages claims would necessarily imply that his criminal convictions are invalid.[1] Instead, he argues that *Heck* is unconstitutional and cannot, consistent with the Framer's intent, preclude him from pursing a claim for damages based on the alleged use of fabricated evidence at his trial. Plaintiff raised the same contention in his appeal in *Gowadia v. United States Air Force*, No. 14-5154 (D.C. Cir.). There, the Court of Appeals rejected his argument in an unpublished opinion, concluding that the Court of Appeals—like this Court—is "bound by the Supreme Court's decision in *Heck*." 587 F. App'x at 661. Regardless of the precedential weight to be accorded an unpublished decision of the Court of Appeals, *see* D.C. Cir. R. 36(e)(2) ("[A] panel's decision to issue an unpublished disposition means that the panel sees no precedential value in that disposition."), *see also Martin v. D.C.*, 2015 U.S. Dist. LEXIS 7593, 70-71 (D.D.C. Jan. 23, 2015), it is clearly binding on Mr.

---

[1] The Court cautioned Plaintiff that failure to address the arguments presented in Defendants' motion to dismiss carried the risk that this case might be dismissed and that unaddressed arguments might be treated as conceded, and granted Plaintiff leave to file a supplemental response. Dkt. No. 14; *see Fox v. Strickland*, 837 F.2d 507 (D.C. Cir. 1988); *Neal v. Kelly*, 963 F.2d 453, 456-57 (D.C. Cir. 1992). Plaintiff did not file a supplemental response.

Gowadia, *see Taylor v. Sturgell*, 553 U.S. 880, 892 (2008) ("Issue preclusion . . . bars successive

litigation of an issue of fact or law actually litigated and resolved in a valid court determination

essential to the prior judgment, even if the issue recurs in the context of a different claim.")

(internal quotation marks omitted); *National Classification Comm. v. United States*, 765 F.2d

164, 170 (D.C. Cir. 1985) (giving preclusive effect to an unpublished decision of the Court of

Appeals).   And, in any event, the reasoning of the Court of Appeals is unquestionably correct and

dispositive.   This Court, like all other lower courts, is "bound by the Supreme Court's decision in

*Heck.*" *Gowadia*, 587 Fed. App'x at 661; *see, e.g.*, *Rodriguez de Quijas v. Shearson/American

Express, Inc.*, 490 U.S. 477, 484 (1989) (explaining that lower courts must "follow the case

which directly controls, leaving to [the Supreme] Court the prerogative of overruling its own

decisions.").   Finally, to the extent Plaintiff believes that *Heck* "makes it difficult or impossible

to overturn" his allegedly false convictions, Dkt. No. 13, at 3, he is mistaken:  *Heck* merely

prevents him from claiming damages based on convictions that have not been invalidated.

The Court is mindful that *pro se* complaints should be liberally construed.   However,

even if Plaintiff's complaint could be construed as a Section 2255 challenge to the validity of the

underlying convictions, it would still have to be dismissed because this is not the proper forum.

A federal prisoner who wishes to challenge the validity of a federal conviction or sentence

should "move the court which imposed the sentence to vacate, set aside or correct the sentence."

28 U.S.C. § 2255(a).   Thus, Plaintiff may only bring a Section 2255 challenge to his conviction

in the U.S. District Court for the District of Hawaii — and, indeed, he has already done so.   *See*

*Gowadia v. United States*, Case No. 14-cv-00481, Dkt. No. 2-2 (D. Haw., Oct. 23, 2014).

Accordingly, there is no basis for this Court to treat this lawsuit as a challenge to Plaintiff's

conviction under Section 2255.

For the reasons stated above, the Court will **DISMISS** the case for failure to state a claim upon which relief may be granted.[2]  This dismissal is without prejudice to Plaintiff's right to file a new action, if and when he can satisfy the requirements recognized in *Heck* (for example, should he succeed in obtaining vacatur of his convictions in an appropriate proceeding). *See Anderson v. United States*, 96 F. App'x 723, 724 (D.C. Cir. 2004) (per curiam).

An appropriate Order accompanies this Memorandum Opinion.

RANDOLPH D. MOSS
United States District Judge

Date:  April 6, 2015

---

[2]  In light of this disposition, the Court does not reach the question whether Plaintiff's complaint states a valid *Bivens* claim or Defendants' remaining arguments for dismissal.